HOPPOCK (BROCK v.). See Case No. 1,912.

HOPPOCK (HYSLOP v.). See Cases Nos. 6,-988 and 6,989.

## Case No. 6,701.
### HOPPOCK v. WICKER.
[4 Biss. 469.] [1]
Circuit Court, N. D. Illinois. March, 1866. [2]

CONTRACTS—CONSIDERATION—CLAIM NEED NOT BE A VALID ONE—MEASURE OF DAMAGES.

1. Where A held a claim against B and C, a promise by B to A that if he, A, would sue C, obtain judgment and levy on his property, he, B, would bid the amount of the claim, is a valid consideration upon which an action will lie by A against B for refusing so to bid.

[See note at end of case.]

2. It is not necessary that the claim be a legal or valid claim against B. It is sufficient that he desired it to be prosecuted against C, and not against himself.

[Cited in Hewett v. Currier, 63 Wis. 395, 23 N. W. 884.]

3. It seems that full damages could not be recovered unless the debt was lost in consequence of such failure to bid, or it appeared that C did not have other property from which the judgment could be made.

[This was an action at law by S. Hoppock against Joel C. Wicker.] Demurrer to declaration.

McCagg & Fuller, for plaintiff.

Chas. H. Reed, for defendant.

DRUMMOND, District Judge. The substantial ground of the action in this case is, that the plaintiff had a claim consisting of a debt or demand, as alleged in the declaration, against J. P. Chapin & Co., and against the defendant, for the rent of divers lots of land in the county of Fulton, which claim amounted to sixteen or seventeen hundred dollars, and that the defendant promised the plaintiff that if he would bring suit or suits against J. P. Chapin & Co.. and obtain a judgment against them, and offer for sale certain property, that he would bid for that property the amount of the claim; and the declaration further avers that he promised to pay the taxes on the property and the premium for the renewal of two policies of insurance which were then held; and that the plaintiff, relying upon this promise of the defendant, commenced suits against J. P. Chapin & Co. for this claim, and recovered judgment against them for the amount; that execution was taken out and levied upon the property, and that it was offered for sale and defendant was notified and had due notice of all these facts, and was requested to comply with his promise and undertaking, by bidding the amount of the judgment or claim; that he failed to do this, by which the plaintiff has sustained damage. This is substantially the ground of the action set forth in the declaration.

Objection is taken that it is not a good

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]
[2] [Affirmed in 6 Wall. (73 U. S.) 94.]

and valid consideration upon which a promise was binding. I am inclined to think that it is. The allegation is that there was a claim against defendant and Chapin & Co., and in consequence of there being this claim, and if the plaintiff would prosecute it to judgment, that the defendant would come in and make these bids. It is unnecessary that the declaration should allege that it was a valid or legal claim against the defendant. It is sufficient that there was a claim against him and others, and that he apparently desired this claim to be prosecuted against the others, and not against him, and certain property to be levied upon, and if it was, he promised to make the bid. It is an unusual case, I admit, but I am inclined to think that the consideration is sufficient to support the promise of the defendant.

The first and second counts of the declaration allege substantially the contract as I have stated it. The demurrer would apply most strongly against these two counts. The third and fourth counts set forth with more particularity the circumstances attending the promise and the reason why the arrangement was made between the parties, and of course the demurrer would be less available to these counts than to the first and second, but I think that all the counts are substantially good.

It may be a question whether the plaintiff can recover all the damages which he sets forth. That I cannot decide upon the demurrer. That would come up more in the form of an instruction to the jury as to the measure of damages in the particular case. There is no allegation that the debt was lost in consequence of the defendant not bidding the amount of the judgment. There is no allegation negativing the fact that the plaintiff could levy upon other property and thus realize the judgment which he had recovered against J. P. Chapin & Co. The only allegation is that the defendant made this promise, if the plaintiff would do certain things. Plaintiff has done them, and he has not complied with his promise. Now, it is clear that the plaintiff has been damnified in consequence of the defendant's neglect to keep his promise. To what extent, is another matter. It is sufficient that he has been damnified, that in consequence of the promise of the defendant, he has prosecuted these suits, has been obliged to employ counsel, and has himself been subject to more or less labor, expense and trouble. This is sufficient to show that the plaintiff is entitled to maintain this action. It would come up as an after consideration whether the plaintiff was damnified to the extent which is claimed in the declaration or which the court is asked to infer from the nature of the declaration. That point I do not feel inclined to decide now.

Demurrer overruled and leave to plead.

On trial before a jury verdict and judgment was rendered for plaintiff for the full amount

claimed, which judgment and the charge of the court to the jury were, on writ of error, sustained by the supreme court (6 Wall. [73 U. S.] 94); [Mr. Justice Swayne holding that an agreement to bid at a judicial sale is not void, as against public policy.]